**WEBER et, Plaintiffs v LUCAS, Admx., Defendant.**

Common Pleas Court, Franklin County.

No. 164694. Decided September 29, 1942.

**OPINION**

:By RANDALL, J.

We have carefully read and considered the bill of exceptions, the original files and the briefs of counsel in the appeal of defendants below from the findings and judgment of the Municipal Court.

Counsel for appellant in the specification of error have set forth several grounds, but in his brief but two points are urged. First that there was error in form in that no book account was introduced and secondly that the findings and judgment of the court below are against the weight of the evidence.

As to the first point urged it would appear that the case was tried below upon the theory of an action on an implied contract in the reasonable value of the services rendered. In our opinion there was no such material variance between the pleading and proof as to warrant us in setting aside the judgment of the lower court because of failure to strictly pursue the theory of an action on an account. The very nature of legal services rendered and the many

things to be taken into account, makes it difficult to show the claim strictly in the form of a book account. Apparently an account was made up identical with .the copy alleged in the petition and same. was presented to the administratrix for allowance under the holding in Black v Chesser, 12 Oh St, 621; Horning et v Poyer, 18 C. C., 732. The case of Bennett v Shaw, 12 C. C., 574 does not sustain appellant's contention that book of account must be introduced. As a matter of fact at page 575 of the opinion the court makes the following observation.

"It is urged that it was error for the court to have refused to admit these books in evidence and it is urged that they were primary evidence of the furnishing of these materials and the doing of this work. With this claim of the plaintiff in error, we cannot agree. Any party in the state of Ohio has a right to testify and to corroborate his testimony with that of any other witness. If he brings his action upon an account, primarily his own testimony is the highest and best evidence that can be offered of the facts set forth in his petition, or that of the witness who had the transaction, who performed the work or who delivered the material described in the petition. The fact that at the time of the performance of the work and the delivery of the material, these transactions were recorded in a book is merely corroborative, and is secondary evidence of the transactions themselves."

In the instant case because the administratrix was an adverse party, plaintiff because of the operation of §11495 GC, could not testify however the original files in the case in this court were adduced, which were probative as to work done by plaintiffs. The time consumed in the trial was established by competent evidence as well as time spent in office consultations in connection with the case. In other words the amount of work done and the amount of time consumed was fairly well established. This testimony tended to prove the several items in the account set forth in the petition.

As to the claim that the evidence shows that a contingent fee contract was entered into which precludes an action in quantum meruit, this contention raises the issue as to the weight of the evidence. Of course we may not reverse on the weight of the evidence unless we can say that the judgment is against the manifest weight of the evidence. Even though we might entertain a different view than the trial court on this issue, we are mindful of the fact that the court below had the opportunity of observing the witnesses on the stand and of noting their attitude and demeanor face to face. A consideration of the entire record does not warrant us in finding that the judgment is against the manifest weight of the evidence.

The judgment of the court below will be affirmed, the petition on appeal dismissed and cause remanded to the Municipal Court for execution.

Exceptions.